

**SO ORDERED.**

**SIGNED this 22 day of March, 2007.**

_____
 **JAMES D. WALKER, JR.**
 **UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 05-54200-JDW |
| SCOT MATTHEW WERNER and | ) | |
| BRENDA YVONNE WERNER, | ) | |
| | ) | |
| DEBTORS. | ) | |
| | ) | |
| WILLIAM M. FLATAU, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 06-5101-JDW |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| THE WALMAN OPTICAL COMPANY | ) | |
| d/b/a X-CEL CONTACTS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Plaintiff:        William M. Flatau
                      355 Cotton Avenue
                      Macon, Georgia 31201

For Defendant:        Christine A. Longe
                      Joseph D. Roach
                      Michael J. Stepan
                      33 South Sixth Street, Suite 4900
                      Minneapolis, Minnesota 55402

                      Norman C. Pearson
                      Post Office Box 246
                      Macon, Georgia 31201

## MEMORANDUM OPINION

This matter comes before the Court on the Chapter 7 Trustee's motion for summary judgment on a preference claim. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Uncontested Facts

Debtors Scot and Brenda Werner filed a joint Chapter 7 petition on October 3, 2005. During the 90 days prior to the petition date, Mr. Werner used a credit card to pay $4,000 to Defendant The Walman Optical Company. Mr. Werner made the payment to satisfy an obligation of Georgia Family Eyecare for invoiced contact lens products. Mr. Werner was a personal guarantor of the obligation; his guarantee had matured at the time of the transfer. Based on an analysis of the bankruptcy estate, the Chapter 7 Trustee's accountant indicated by affidavit that Debtor's assets on the petition date were insufficient to pay creditors in full in a hypothetical liquidation.

The Chapter 7 Trustee filed a complaint to recover the $4,000 as a preferential transfer followed by a motion for summary judgment. The Court held a hearing on the motion on February 7, 2007. For the following reasons, the Court will grant the motion.

### Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a

party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 750 (11th Cir. 2000). The Court views all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. Burton v. Tampa Housing Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

At issue in this case is whether a credit card payment made by Debtor Scot Werner to Walman Optical may be avoided as a preference. Section 547(b) provides as follows:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Several of the elements of a preference are undisputed. Walman Optical has admitted the

transfer (1) was made for the benefit of a creditor, (2) was made on account of antecedent debt owed by Debtor, (3) was made within 90 days prior to the petition date, and (4) satisfies the greater percentage test.[1]  Consequently, the Trustee must establish the remaining two elements to prevail on his motion.

*Interest of the Debtor in Property*

First, the Court must address the threshold issue of whether the charge to Debtor's credit card constituted a transfer of an interest of Debtor in property.  The Court is aware of only one case on all fours with the facts in this adversary proceeding.  In Loveridge v. The Ark of Little Cottonwood, Inc. (In re Perry), 343 B.R. 685 (Bankr. D. Utah 2005), the debtor paid the defendant $9,000 by credit card, and the trustee commenced a preference action to recover the payment.  The defendant filed a motion to dismiss for failure to state a claim, which the court granted.  The only preference element in issue was whether the transfer was of an interest of the debtor in property.  Id. at 686-87.

Because "interest of the debtor in property" is undefined by the Bankruptcy Code, the court in Perry applied the definition supplied by the Supreme Court in Begier v. IRS, 496 U.S. 53, 110 S. Ct. 2258 (1990).  In Begier, the court defined the term as "property that would have been part of the estate had it not been transferred before the commencement of the bankruptcy proceedings."  Id. at 58, 110 S. Ct. at 2263; see also Perry, 343 B.R. at 687 n.6.  The Supreme Court noted this definition furthered the fundamental bankruptcy policy of equality of distribution to similarly situated creditors.  496 U.S. at 58, 110 S. Ct. at 2262-63.

---

[1] Walman Optical initially challenged the greater percentage test, but conceded at the February 7, 2007, hearing that the Trustee had produced sufficient undisputed evidence to satisfy of the test.

5

Relying on the Begier definition, the court in Perry found that a debtor's use of a credit card does not constitute a transfer of an interest of the debtor in property. 343 B.R. at 688. The court reasoned, "[a]t most, a debtor's credit constitutes merely potential wealth. Creditors of an estate cannot force a debtor to use credit to create liquidity available for distribution." Id.

The Trustee has cited two preference cases in which the debtors initiated balance transfers from one credit card to another. Reisz v. Napus Fed. Credit Union (In re Anderson), 275 B.R. 264 (Bankr. W.D. Ky. 2002); Growe v. AT&T Univ. Card Servs. (In re Adams), 240 B.R. 807 (Bankr. D. Maine 1999). In Anderson, the balance transfer was made directly from one credit card issuer to the other. 275 B.R. at 265. The defendant argued the transfer was not a preference because it did not diminish the estate. The court analyzed the argument as an earmarking defense (in which funds from one creditor are designated to pay another creditor). Id. at 265-66. The court rejected that argument and noted that the key fact was the debtor's control over the money. Id. at 266. "[I]f the debtor decides which creditor is paid, the proceeds were not 'earmarked' by the new lender for repayment of the existing loan, and thus, the proceeds still constitute 'an interest of the debtor in property' avoidable under § 547(b)." Id. (citing In re Spitler, 213 B.R. 995, 998 (Bankr. N.D. Ohio 1997)).

In Adams, the debtor used convenience checks from one credit card issuer to pay the balance due on a different credit card, and the defendant also raised the earmarking doctrine. 240 B.R. at 808. Rather than focusing on whether the debtor had dominion and control over the funds transferred, the court in Adams set forth a three-part test for earmarking: first, the new lender and the debtor must expressly agree the funds loaned will be used to pay a specific debt to a different creditor; second, the agreement must be performed according to its terms; and third,

6

the transaction must not diminish the bankruptcy estate. Id. at 810. The court quickly dispensed with the first two elements, noting there was no agreement between the debtor and the new credit card company that the convenience checks would be used to pay a specific debt. Without an agreement, the second element, performance, is impossible. Id. at 811.

However, the court concluded that the transfer did diminish the estate, not by increasing the debtor's liabilities, but "negatively impact[ing] equal distribution of assets among [the debtor's] creditors." Id. at 812. The debtor accessed funds available to her. Although she could have distributed the funds among all her creditors, she transferred them to one select creditor. Id. Consequently, the court concluded, the transfer was of an interest of the debtor in property. Id.

The Court finds the reasoning in Anderson and Adams more persuasive than the reasoning in Perry. Walman Optical is essentially advancing a tracing argument: because the source of the funds in this case can be traced to a party other than Debtor, the funds cannot be said to be an interest of Debtor in property. However, tracing is irrelevant to a preference claim. Allowing it in this case because the trace is an easy one would only open the door to endless possibilities in more difficult cases. The fact is Walman Optical benefitted by receipt of a payment during the preference period on an obligation owed by Debtor. Debtor initiated and directed the transfer of funds from his credit card account to Walman Optical. He could not have done so if he had no interest in the funds. There is no reason to distinguish this scenario from one in which a debtor obtains a cash advance and uses the advance to pay one of many creditors.

For the foregoing reasons, the Court finds that the Trustee has met his burden to prove that the transfer at issue was an interest of Debtor in property.

*Made While the Debtor Was Insolvent*

A debtor is presumed to be insolvent during the 90 days prior to bankruptcy. 11 U.S.C. § 547(f). In this case Walman Optical has conceded that the transfer occurred within 90 days prior to the bankruptcy filing. Thus, it falls within the period during which Debtor is presumed insolvent. On a summary judgment motion, to overcome the presumption of insolvency, Walman must identify evidence that would create a dispute of fact. Because Walman has failed to identify any such evidence, the Trustee receives the benefit of the presumption of insolvency. 5 Collier on Bankruptcy ¶ 547.03[5] (15th ed. rev'd 2006). Therefore, the Court finds Debtor made the transfer while insolvent.

*Prior Settlement of Claim*

In addition to its challenges to specific elements of a preference, Walman Optical has raised an estoppel defense. According to Walman Optical, recovery of the transfer at issue in this case was resolved as part of a settlement reached with the Trustee in the Georgia Family Eyecare[2] bankruptcy case. However, Walman Optical has been unable to offer any legal basis by which the Trustee in the corporate case can bind the Trustee in the individual case. Even assuming the corporate Trustee assured Walman Optical the settlement would be valid in the individual case, Walman Optical's recourse would be against the Trustee for misrepresenting the scope of his authority. Therefore, the Court rejects this defense as having no basis in law.

*Conclusion*

The Trustee has produced evidence to prove each element of a preference. Walman Optical has not disputed any material facts or identified any conflicting evidence. Therefore, the

---

[2] Georgia Family Eyecare was the primary obligee whose debt Debtor guaranteed.

Court finds the Trustee is entitled to judgment as a matter of law.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT